IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN L. LOTTER, | ) | |
| | ) | |
| Petitioner, | ) | 4:04 CV 3187 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| ROBERT HOUSTON, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondent. | ) | |

Petitioner has filed a motion to stay the progression of this case pending resolution of his pending action in the District Court of Richardson County, Nebraska. That action raises a claim based on Atkins v. Virginia, 536 U.S. 304 (2002), that Petitioner is mentally retarded and to execute him would violate his protection against cruel and unusual punishment under the Eighth Amendment. Petitioner relies upon the Supreme Court's recent opinion in Rhines v. Weber, ____ U.S. ____, 125 S. Ct. 1528 (2005), which held that district courts have discretion, in some circumstances, to stay, rather than dismiss, habeas corpus actions while the petitioner returns to the state courts to assert his otherwise unexhausted federal claims.

Petitioner also asserts that his Adkins claim was discovered while the petition in this case was being prepared. Indeed, it was the Adkins case that established such a claim. Although respondent states that the petitioner has taken no action to prosecute his pending state post-conviction action in the Richardson County District Court, respondent also submits that that case raises important state law issues respecting availability of state remedies and how that may affect enforcement of the exhaustion requirements of 28 U.S.C. §2254, and concludes, "[W]e believe the Nebraska courts should be permitted to resolve that question before the analysis of the petitioner's federal habeas corpus claims is undertaken by this court." I conclude that petitioner has shown good cause for his failure to assert the claim in his earlier state post-conviction action.

Petitioner also argues in his brief that this unexhausted claim is "potentially meritorious," pointing out that the Supreme Court did not define that term in Rhines, 125 S. Ct. at 1535. Petitioner's brief asserts that an I.Q. test of the petitioner produced a score of 72,[1] "which falls within the cutoff range for the definition of mentally retarded," citing Adkins, 536 U.S. at 308, n. 3, 4. Without deciding the issue, it does appear that petitioner has raised a colorable claim of potential merit.

Petitioner further points out in his supporting brief that he has been diligently pursuing his claims. Adkins was decided while his state post-conviction action was still pending on appeal. He filed his original petition in this court even before the U.S. Supreme Court had denied his petition for certiorari in that matter, and on the same day, May 11, 2004, he filed his state post-conviction action in the District Court of Richardson County, Nebraska raising his Adkins claim. There is no basis to conclude that the petitioner has been dilatory in asserting this claim.

I conclude that petitioner should be permitted to litigate his retardation claim in the state courts of Nebraska, and this action should be stayed to permit him to do so. Staying this case could conceivably hasten the ultimate resolution of this matter or at least more fully present the issue for review in this court in accordance with the standards of 28 U.S.C. §2254(d) and (e)(1).

IT THEREFORE HEREBY IS ORDERED:

1. Petitioner's motion for stay of proceedings, filing 25, is granted in part, and

    a. No further actions shall be taken in this case regarding any motions, briefs, hearings, conferences or otherwise until further order of the court.

    b. The status conference previously scheduled to be held on June 27, 2005 is cancelled. It will be re-scheduled once the case is reactivated in accordance with this order.

---

[1] This assertion of fact is not supported by evidence, but neither is it contested by the respondent. For purposes of only this motion, I shall accept it as true.

      c.      The clerk shall terminate this case for administrative purposes only.  It shall be restored to the active docket in accordance with the provisions of this order.

      d.      Within **thirty** days following the effective date of the final judgment issued in the petitioner's pending post-conviction case in the District Court of Richardson County, Nebraska, petitioner's counsel shall notify the clerk of this court and the office of the undersigned that the judgment has become final.  At that time the clerk shall restore this case to the active docket.

      e.      Counsel for both parties shall then confer regarding a possible progression schedule for this case, and shall notify the office of the undersigned of dates when they can be available for a conference with the undersigned to address scheduling of this case to disposition.  Such a conference will be scheduled as soon as practicable.

    2.  Upon consideration of the respondent's motion to substitute party, that motion, filing 31, is granted, and all further pleadings herein shall name Robert Houston as the respondent.

DATED April 29, 2005

BY THE COURT:

s/ *David L. Piester*
United States Magistrate Judge