IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN L. LOTTER, | ) | |
| | ) | |
| Petitioner, | ) | 4:04CV3187 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT HOUSTON, Warden, | ) | MEMORANDUM AND ORDER |
| Tecumseh State Correctional Center, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

I have conducted an initial review. I have also conferred telephonically with counsel regarding progression.

*Initial Review*

The Corrected Second Amended Petition for Writ of Habeas Corpus (filing 47) is the operative pleading setting forth the claims of Petitioner. All earlier petitions have been superseded by the Corrected Second Amended Petition.

There are nineteen claims raised by Petitioner as "Grounds for Relief." (Filing 47 at CM/ECF pp. 32-46.) Tentatively, I conclude that each of the nineteen claims state grounds that are potentially cognizable by this Court for purposes of habeas corpus relief.

*Progression*

Counsel and I have conferred about progression. Mr. Brown, counsel for Respondent, stated that he would be filing an answer rather than a motion for

summary judgment. Counsel for Petitioner stated that they anticipate that discovery may be necessary.

I expressed a desire to follow my normal progression practice; that is, the filing of all state court records and an answer by Respondent, followed by an initial brief by Respondent in support of the answer, followed by a responsive brief by Petitioner, and then followed by a reply brief by Respondent. After these submissions are made, the undersigned would issue a memorandum and order resolving all claims that could be resolved without discovery or an evidentiary hearing. If discovery or an evidentiary hearing was necessary after the submission of the aforementioned memorandum and order, then a further progression order would be issued. Counsel were generally agreeable with this approach.

Therefore,

IT IS ORDERED that:

1. On initial review, the nineteen claims raised by Petitioner in the Corrected Second Amended Petition for Writ of Habeas Corpus (filing 47 at CM/ECF pp. 32-46) are potentially cognizable for purposes of federal habeas corpus relief. The parties are cautioned that this determination is preliminary only. Respondent's answer and brief shall address each of these claims.

2. No amendments or supplements to the Corrected Second Amended Petition for Writ of Habeas Corpus (filing 47) shall be filed without first securing leave of the Court.

3. No summary judgment motion will be filed.

4.  The following procedures shall be followed by Respondent and Petitioner:

    A.  *By August 8, 2010*, Respondent shall file all state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    B.  *By September 8, 2010*, Respondent shall file an answer and a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    C.  *By November 8, 2010*, Petitioner shall file and serve a brief in response.

    D.  *By December 8, 2010*, Respondent shall file and serve a reply brief.

    E.  The Clerk of Court is directed to set a case management deadline in this case using the following text: *December 9, 2010, check that required briefs have been submitted. Determine whether case ready for decision to the extent allowed by briefs and record. Issue memorandum and order deciding claims that are ripe for decision without discovery or an evidentiary hearing.*

5.    No discovery shall be undertaken without leave of the court.  *See* [Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*](#).

6.    This order supersedes the deadlines set by Judge Zwart in filing 44 and the telephone conference previously scheduled by Judge Zwart is cancelled.

DATED this 2nd day of July, 2010.

                         BY THE COURT:

                         *Richard G. Kopf*
                         United States District Judge