IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN L. LOTTER, | ) | 4:04CV3187 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **BRIEF OF RESPONDENT** |
| | ) | **Re: Order (filing no. 124)** |
| SCOTT FRAKES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

The respondent Scott Frakes, Director of the Nebraska Department of Correctional Institutions, submits this brief in accordance with this Court's order dated May 28, 2015 (filing no. 124).

This Court's order correctly concluded that Lotter has exhausted all available federal and state judicial remedies and that "the only justifiable reason for appointing federal counsel in this matter is to allow Lotter to seek clemency." Although Lotter's current counsel has not filed any application for clemency with the Nebraska Board of Pardons in the approximate year and a half since this Court's appointment, Lotter remains sentenced to death. Nebraska's recent statutory effort to repeal the death penalty does not change the fact of Lotter's death sentence.

On January 22, 2015, this Court appointed counsel for Lotter pursuant to 18 U.S.C. § 3599(e), which provides as follows: [1]

(a)

. . .

(2) In any post conviction proceeding under section 2254 or 2255 of title 28, United States Code, seeking to vacate or set aside a death sentence, any

---

[1] Order of appointment (filing no. 109); Order extending appointment (filing no. 118).

defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with subsections (b) through (f).

. . .

(e) . . . each attorney so appointed . . . shall also represent the defendant in . . . proceedings for executive or other clemency as may be available to the defendant.

*Harbison v. Bell*, 556 U.S. 180, 194 (2009), held as follows: "We further hold that § 3599 authorizes federally appointed counsel to represent their clients in state clemency proceedings and entitles them to compensation for that representation."

Nebraska's Legislature enacted LB 268 on May 27, 2015, ("Act") over the Governor's veto.[2] The Act contains provisions repealing Nebraska's death penalty and Nebraska's method of execution. Under Nebraska law, only the Nebraska Board of Pardons has authority to commute a final death sentence. Neither the Legislature nor the Judiciary can reduce a sentence, or any part of it, once the sentence has become final, because the power of clemency and the power to grant respites, reprieves,

---

[2] The Act is scheduled to take effect on August 30, 2015, three calendar months after the adjournment of the Legislative session when it was passed. Neb. Const. art. III, § 27. However, the Act is currently the subject of Nebraska's referendum petition process. See, http://www.sos.ne.gov/elec/2016/pdf/LB268-referendum.pdf. If 10% of the registered voters in 38 of Nebraska's 93 counties sign the referendum petition, the Act will be suspended from taking effect until the November 2016 general election, at which time the voters will decide on repealing the Act. If less than 10%, but at least 5%, of the registered voters from the same number of counties sign the petition, the voters will decide whether to repeal the Act at the November 2016 general election after the Act has gone into effect in the interim. See, *Duggan v. Beermann*, 515 N.W.2d 788 (Neb. 1994); *Pony Lake Sch. Dist. 30 v. State Comm. for the Reorganization of Sch. Dists.*, 710 N.W.2d 609 (Neb. 2006).

pardons, or commutation of sentence is vested solely in the Board of Pardons under the provisions of article IV, § 13, of the Nebraska Constitution. *State v. Bainbridge*, 249 Neb. 260 (1996); *Johnson & Cunningham v. Exon*, 199 Neb. 154 (1977).

Section 23 of the Act states as follows:

> It is the intent of the Legislature that in any criminal proceeding in which the death penalty has been imposed but not carried out prior to the effective date of this act, such penalty shall be changed to life imprisonment.

The foregoing language reflects a specific legislative intent to violate the Nebraska Constitution by exercising a power that the Legislature did not have, namely the power to commute or reduce a final death penalty sentence. The provisions of Section 35 of the Act also provided for the repeal of the method of execution by repealing Nebraska's lethal injection statutes, Neb. Rev. Stat. §§ 83-964 to 83-972 (Reissue 2014). The Nebraska Supreme Court has consistently held that a death sentence is distinguished from the method of execution. See, *State v. Mata*, 275 Neb. 1 (2008); *State v. Galindo*, 278 Neb. 599, 618 (2009); *State v. Ellis*, 281 Neb. 571, 593 (2011) ("[death] sentence would remain valid, even if the State lacked a constitutional means of enforcing it"); *State v. Torres*, 283 Neb. 142 (2012) ("the method of execution does not bear upon the sentence of death itself").

Thus, assuming for the sake of argument that the Act validly repealed Nebraska's method of execution, Lotter's final death sentence remains in effect. And, if the Act was an unconstitutional power grab by the Nebraska Legislature to reduce final death sentences, Lotter's death penalty remains in effect by reason of the Act being unconstitutional under Nebraska law.

Because Lotter's death penalty remains in effect, this Court still has authority to appoint federal counsel limited to representing Lotter in Nebraska clemency proceedings in accordance with 18 U.S.C. § 3599(e) and *Harbison v. Bell*.

    Scott Frakes, Director,
    Respondent,

    BY    Douglas J. Peterson, #18146
           Attorney General

    BY    **s/James D. Smith**
           Bar number: 15476
           Assistant Attorney General
           2115 State Capitol
           Lincoln, NE 68509-8920
           402-471-2682
           james.smith@nebraska.gov

## Certificate of Service

I hereby certify that on June 18, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

    **s/ James D. Smith**
    Assistant Attorney General