IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN L. LOTTER, | ) | |
| | ) | |
| Petitioner, | ) | 4:04CV3187 |
| | ) | |
| v. | ) | |
| | ) | |
| FRED BRITTEN, Warden, Tecumseh | ) | **MEMORANDUM** |
| State Correctional Center, ROBERT | ) | **AND ORDER** |
| HOUSTON, Warden, Tecumseh State | ) | |
| Correctional Center, SCOTT | ) | |
| FRAKES, Director, Nebraska | ) | |
| Department of Correctional | ) | |
| Institutions, and BRIAN GAGE, | ) | |
| Warden, Tecumseh State Correctional | ) | |
| Institution, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

John L. Lotter, a convicted killer of three who is subject to the death penalty, has been accorded well more than a decade of careful review by the undersigned and the Nebraska courts. *See Lotter v. Houston, 771 F. Supp. 2d 1074 (D. Neb. 2011).*[1] Despite this history, on January 22, 2014 (filing no. 109), I appointed counsel as I was seemingly required to do to seek clemency and pursue "ancillary proceedings" pursuant to 18 U.S.C. § 3599(e).[2]

---

[1]I denied Lotter relief, and I also denied him a certificate of appealability. The Eighth Circuit Court of Appeals refused to grant a certificate of appealability (filing no. 93) as well. The Supreme Court denied certiorari (filing no. 98).

[2]The statute does not explicitly refer to "ancillary proceedings," but provides that "each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process,

Counsel have been afforded an ample budget which has been approved by Chief Judge Riley. Counsel have also been given ample time to thoughtfully review and investigate this matter.

*Overview of My Ruling*

First, I deny with prejudice the habeas petition (filing no. 149[3]) and stay motion (filing no. 150) because permission to proceed with this second habeas corpus action, which is inextricably related to the stay motion, has not been procured from the Court of Appeals, as required by 28 U.S.C. § 2244(b)(1)-(3).

Secondly, and alternatively, pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), I also deny with prejudice Petitioner's stay motion (filing no. 150).

Thirdly, and alternatively, pursuant to Rule 4 of the Rules Governing § 2254 Cases, I deny with prejudice Lotter's habeas petition (filing no. 149) because it plainly appears from the petition and any attached exhibits that Lotter is not entitled to relief.

Finally, I will deny a certificate of appealability. A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1)-(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v.*

---

together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant."

[3]The habeas petition includes a brief which is 45 pages long. Additionally, there are two attachments which are 55 pages in total.

*McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that Lotter is not entitled to a certificate of appealability.

*Lotter's Claims*

Lotter makes two claims:

CLAIM 1: NEBRASKA'S CAPITAL SENTENCING SCHEME, REQUIRING A JUDGE, NOT A JURY, TO MAKE THE FINDINGS OF FACT NECESSARY TO IMPOSE A DEATH SENTENCE, IS UNCONSTITUTIONAL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES IN LIGHT OF *HURST V. FLORIDA*, 136 S. CT. 616 (2016); THE STATUTORY SCHEME IS THEREFORE VOID, AND MR. LOTTER'S DEATH SENTENCE MUST BE VACATED.

CLAIM 2: THE DEATH QUALIFICATION OF MR. LOTTER'S JURY, WHO HAD NO ROLE IN THE DETERMINATION OF PUNISHMENT IN THE EVENT THEY FOUND HIM GUILTY, VIOLATED MR. LOTTER'S RIGHTS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS BECAUSE IT UNDERMINED THE RELIABILITY OF THE JURY'S FACTFINDING ROLE, DIMINISHED THE JURY'S SENSE OF RESPONSIBILITY FOR THEIR VERDICT, AND DENIED HIM A FAIR TRIAL.

*Brief Analysis*

It is apparent why Lotter has not sought the required authorization from the Court of Appeals to proceed with this second habeas petition. While recognizing that the decision is recent, the *Hurst* claim was essentially raised and decided against Lotter when I denied Lotter relief in Claim 15 of his previous petition. There, I held that *Ring v. Arizona*, 536 U.S. 584 (2002), was not retroactive, citing Supreme Court

-3-

precedent.  *Lotter*, 771 F. Supp. 2d at 1112 (citing *Schriro v. Summerlin*, 542 U.S. 348, 358 (2004)).[4]

Lotter's *Hurst* claim is really a repackaged *Ring* claim, and there is no precedent or reason to believe that *Hurst* would be made retroactive when *Ring* was not made retroactive.  Indeed, *Hurst* did not overrule *Summerlin*'s holding that *Ring* did not apply retroactively. The *Hurst* claim is frivolous or nearly so, particularly when one remembers that Lotter was sentenced to death in February 1996, more than 20 years before *Hurst* was decided.  In short, I have ruled against him once previously on essentially the same grounds, and Lotter must have, but has not obtained, permission of the Court of Appeals for a second bite of the apple.

As for Claim 2—death qualification of a jury that could not impose the death penalty—it is also apparent why Lotter has not asked for appellate permission to file a second petition.  That is because such an argument is frivolous or nearly so, as it has clearly been procedurally defaulted.  It is worth recognizing, in this regard, that the Nebraska courts allowed Lotter the opportunity to file a direct appeal and at least four postconviction actions.  This second claim was not raised on direct appeal or in any of the postconviction motions.  Nor was it raised before me.

Under Nebraska law, "[a]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that

---

[4]"The right to jury trial is fundamental to our system of criminal procedure, and States are bound to enforce the Sixth Amendment's guarantees as we interpret them. But it does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the State faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart. *Ring* announced a new procedural rule that does not apply retroactively to cases already final on direct review." *Schriro*, 542 U.S. at 358.

the basis relied upon for relief was not available at the time the movant filed the prior motion." *State v. Ortiz*, 670 N.W.2d 788, 792 (Neb. 2003). Additionally, "[a] motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal." *Hall v. State*, 646 N.W.2d 572, 579 (Neb. 2002). *See also State v. Thorpe*, 858 N.W.2d 880, 887 (Neb. 2015) ("A motion for postconviction relief cannot be used to secure review of issues which were or could have been litigated on direct appeal, no matter how those issues may be phrased or rephrased."); *State v. Filholm*, 848 N.W.2d 571, 576 (Neb. 2014) ("When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Otherwise, the issue will be procedurally barred."). There has not been any showing that Lotter was somehow precluded from asserting this second claim in his direct appeal or his multiple postconviction actions.[5]

Next, I turn to *Rhines v. Weber* and the many reasons why a stay would be an abuse of discretion. I have personally addressed in great detail the requirements of *Rhines* in *Roberts v. Norris*, 526 F. Supp. 2d 926 (E.D. Ark. 2007), in the context of a death penalty case involving a petitioner who had waived his right to a direct appeal, but who had lost "a fifth of his right frontal lobe" and a portion of his temporal lobe at the time of the waiver. Granting the stay motion, I set forth seven qualifications for a stay order under *Rhines*.

Before a court may exercise its discretion to stay a mixed habeas petition containing exhausted and unexhausted claims to allow the petitioner to present his

---

[5]To excuse a procedural default, a petitioner must demonstrate either cause for the default and actual prejudice as a result of the alleged violation of federal law or, in rare cases, that the failure to consider the claim will result in a fundamental miscarriage of justice (such as where the petitioner is "actually innocent"). Lotter has not come close to making such a showing.

unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition, the following prerequisites must exist:

> (1) the federal habeas petition was timely when filed (even though it would be untimely if dismissed and filed again after exhaustion);

> (2) the federal habeas petition presents at least one federal claim (or a portion of a federal claim) that has been exhausted, that is, the habeas petition is truly a "mixed" petition;

> (3) there is a plausible argument that the petitioner has an available state remedy;

> (4) there is "good cause" for the petitioner's failure to exhaust;

> (5) the claims are not "plainly meritless"; and

> (6) the petitioner has not engaged in "intentionally dilatory litigation tactics."

*Id.* at 946-948.

With the possible exception of prerequisite number one (1) as regards the *Hurst* claim, Lotter has not satisfied any of the other prerequisites that would justify the exercise of my discretion to grant a stay. On the contrary, if I granted the stay motion in this case, I would grievously abuse my discretion.

Lastly, for the reasons I have just articulated, it plainly appears under Rule 4 of the Rules Governing § 2254 Cases that Lotter is not entitled to relief and his petition is meritless and, perhaps, even frivolous. While a "hail Mary" may work in football, it does not work here.

IT IS ORDERED:

1.      The stay motion (filing no. 150) is denied with prejudice.

2.      The petition for writ of habeas corpus (filing no. 149) is denied with prejudice.

3.      No certificate of appealability is or will be issued.

4.      A separate judgment will be filed.

5.      Nothing set forth herein alters the June 5, 2017, deadline imposed upon Lotter and his counsel.

DATED this 24th day of February, 2017.

                                BY THE COURT:

                                s/ *Richard G. Kopf*
                                Senior United States District Judge