IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN L. LOTTER, | ) | |
| | ) | |
| Petitioner, | ) | 4:04CV3187 |
| | ) | |
| v. | ) | |
| | ) | |
| FRED BRITTEN, Warden, Tecumseh State Correctional Center, ROBERT HOUSTON, Warden, Tecumseh State Correctional Center, SCOTT FRAKES, Director, Nebraska Department of Correctional Institutions, and BRIAN GAGE, Warden, Tecumseh State Correctional Institution, | ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Respondents. | ) | |
| | ) | |

Mr. Lotter, who long ago was sentenced to death for killing three people, has filed a motion to alter or amend a judgment pursuant Federal Rule of Civil Procedure 59 regarding the Memorandum and Order and Judgment I entered on February 24, 2017 (filing nos. 160 and 161), denying a stay and abeyance request and the accompanying second and belated habeas corpus petition that his counsel filed without first securing permission from the Court of Appeals.[1]

There is no basis for granting Lotter's Rule 59 motion. My Memorandum and Order is clearly correct. However, I write briefly to address a point made by Lotter's counsel that I did not allow them to file a reply brief after I directed the Respondents to submit a brief in response to Lotter's long and argument filled submissions. First,

---

[1]New counsel was appointed in January of 2014 pursuant to 28 U.S.C. § 3599 to pursue clemency and related proceedings.

under Rule 4 of the Rules Governing § 2254 Cases, where it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." That Rule does not require that a petitioner be given an opportunity to submit a reply brief. By the way, I explicitly based my denial of relief regarding the habeas petition and related stay motion on, among other alternative grounds, the provisions of Rule 4.

Second, our local rules, while generally allowing reply briefs, gives me the authority to "deviate from this court's rules or procedures" and such action "supersedes every other rule or procedure." NEGenR 1.1(c). Because this case has languished in this court for roughly 13 years and since I was finally required to set a deadline of June 5, 2017 (filing no. 144) because new counsel had not then sought clemency or other relevant relief after 32 months on the job, I believed and continue to believe that prompt action on Lotter's second habeas petition and stay motion was necessary.

To reiterate, I have reviewed the entirety of the pending motion. I find and conclude that it has no merit. Therefore,

IT IS ORDERED that the Petitioner's Motion to Alter or Amend Judgment (filing no. 162) is denied.

DATED this 27th day of March, 2017.

                                                BY THE COURT:

                                                s/ *Richard G. Kopf*
                                                Senior United States District Judge